IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AJ RUETH,

                          Plaintiff,

  v.

KRISTINE METZ and RACHEL WILSON,

                        Defendants.

OPINION and ORDER

20-cv-609-jdp

---

Plaintiff AJ Rueth is an inmate at Clark County Jail. He alleges that medical providers at Wood County Jail failed to properly treat his back injury. Dkt. 1. The defendants, Kristine Metz and Rachel Wilson, are nurses employed by Southern Health Partners, a company that contracts to provide medical services to Wood County Jail. Metz and Wilson move for summary judgment based on Rueth's failure to exhaust his administrative remedies. Dkt. 18. Rueth did not exhaust his remedies at Wood County Jail because he failed to appeal the grievance that he filed about his medical care. I will grant defendants' motion and dismiss this case.

BACKGROUND

The following background information and facts, drawn from Rueth's complaint and the parties' summary judgment materials, are relevant to defendants' exhaustion motion. Dkts. 1, 18–20, 35–38. Rueth initially filed this lawsuit pro se but retained counsel during summary judgment briefing. *See* Dkt. 28. Rueth had filed his opposition brief and declaration before hiring counsel, Dkt. 26, but the court allowed Rueth's attorney to file a supplemental opposition brief, Dkt. 35.

In his complaint, Rueth says that he began experiencing severe back pain on April 29, 2020. Dkt. 1. Within a few days, he saw Metz and Wilson about his pain, but they didn't treat him. He continued to complain about his pain for several weeks and then received an x-ray. A week after his x-ray, Rueth received an MRI, which showed an acute fracture of his vertebra. Metz then told Rueth that it was too late to treat his injury. Rueth timely filed a grievance about his medical care. Dkt. 20-4. A corrections officer responded that Rueth has been seen numerous times for his back, that he was receiving treatment, and that he could made a sick call and receive a response within 24 hours. *Id*. Rueth did not appeal that decision.

ANALYSIS

Defendants contend that Rueth failed to exhaust his administrative remedies because he didn't appeal the decision on the grievance he filed about his improper medical treatment. Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and failure to exhaust requires dismissal of a prisoner's case. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

To exhaust administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This means that a prisoner must properly take each step within the administrative process and adhere precisely to the rules. *Id*. at 1024; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust is an affirmative defense, which means

that defendants bear the burden of proof on the issue. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016).

The inmate grievance process is stated in the Wood County Sheriff's Department Policy and Procedure 215.35. Dkt. 20-3. An inmate must first submit a jail grievance form detailing his complaint. Within five days, the inmate will receive a copy of his grievance form with a written response from a corrections officer or sergeant. If the inmate is dissatisfied with the result, he may appeal by writing a response to the initial decision on the copy of his form and addressing it to the lead corrections officer. The inmate will receive a response from the jail lieutenant. If the inmate still feels that the issue has not been resolved, he may submit a final appeal to the jail captain. The jail captain's response is the final decision of the grievance procedure. Inmates are informed of the grievance process during orientation and the grievance process is outlined in the Wood County Jail inmate handbook. *Id.*

Rueth didn't complete the Wood County Jail grievance process by appealing the initial decision on his grievance. Under Wood County Jail policy, the next step in the inmate grievance process is to appeal by writing a response to the initial decision on the form and addressing it to the lead corrections officer. Metz and Wilson adduce a copy of both sides of Rueth's grievance form. Dkt. 20-4. It shows Rueth's initial complaint, written on the front and back of the form, and it shows a corrections officer's written response. But the form has nothing to show that Rueth appealed the decision, and Rueth adduces no other evidence that he appealed.

Rueth argues that he couldn't have been expected to know that he needed to exhaust his administrative remedies against Wilson and Metz because they were employees of Southern Health Partners, not Wood County Jail. His argument fails for two reasons. First, he cites

3

*Compton v. Cox*, No. 12-cv-837-jdp, 2017 WL 933152, at *1 (W.D. Wis. Mar. 8, 2017), in which I denied private defendants' exhaustion motion because plaintiff had no reason to think that he needed to file a grievance about external medical staff who contracted to treat inmates outside the prison. But here, it is undisputed that Metz and Wilson treated Rueth at Wood County Jail. Dkt. 37; Dkt. 38. And private employees providing services inside a state-run institution are subject to exhaustion requirements. *Saddy v. Agnesian Health Care*, No. 13-cv-519-jps, 2014 WL 4656117, at *2 (E.D. Wis. Sept. 16, 2014). Second, Rueth filed the original grievance against Metz and Wilson, so it makes no sense for him to claim ignorance of the grievance process.

Rueth also contends that he has raised a genuine dispute of material fact by stating "I have proof of exhaustion of all grievance procedures" in his declaration. Dkt. 26, ¶ 13. In opposing a motion for summary judgment, a party "may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001). Rueth's conclusory allegation in his affidavit does not raise a genuine factual dispute. The court gave Rueth an opportunity to supplement his summary judgment opposition materials after he obtained counsel. But he did not submit any additional evidence show that he appealed the initial decision on his grievance.

I will grant defendants' summary judgment motion and dismiss Rueth's Eighth Amendment claims. Although that dismissal will be without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice), it is likely too late for Rueth to exhaust his administrative remedies.

ORDER

IT IS ORDERED that:

1. Defendants Kristine Metz and Rachel Wilson's motion for summary judgment, Dkt. 18, is GRANTED.

2. This case is DISMISSED without prejudice for plaintiff AJ Rueth's failure to exhaust his administrative remedies. The clerk of court is directed to enter judgment for the defendants and close this case.

Entered June 23, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge